

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2008

# USA v. Boone

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2860

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Boone" (2008). *2008 Decisions.* Paper 344.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/344

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2860

UNITED STATES OF AMERICA

v.

CALEEM BOONE,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 06-cr-00475)
District Judge:  Honorable Mary A. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
September 11,  2008

Before:  McKEE, SMITH and WEIS, <u>Circuit</u> <u>Judges</u>

(Filed: October 21, 2008)

OPINION OF THE COURT

MCKEE, *Circuit Judge.*

Caleem Boone appeals his conviction and the sentence that was imposed after he

was found guilty of  possession of cocaine base with intent to distribute, possession of a

firearm in furtherance of a drug trafficking offense, and possession of a firearm by a convicted felon in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. §§ 922(g)(1), and 924 (c)(1)(A) and.  For the reasons that follow, we will affirm.

## I.

Since we write primarily for the parties, who are familiar with this case, we need not recite the factual or procedural history in detail.      Boone argues that his conviction should be vacated because of the prosecutor's closing argument, and because the district court erred in assessing criminal history points for a juvenile probation in 2000.

## A.

Since Boone did not object to the prosecutor's closing, we review for plain error. In order to show plain error, Boone must show: (1) error, (2) that is plain, and (3) affects substantial rights. If all three conditions are met, we may exercise our discretion to address the error if, (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 467 (1997) Error is plain when it is clear or obvious.  Error affects substantial rights of the accused if it affected the outcome of the trial.

Boone's intent was the central issue at trial.  During the trial, the district court repeatedly instructed the prosecutor not to elicit testimony about that ultimate issue. *See* Fed.R. Evid. 704(b) ("No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an

2

element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.").

Detective Palmer was called as a witness for the prosecution and testified that Boone did not possess the drugs in question in a manner that was consistent with personal use. In referring to that testimony during the closing argument, the prosecutor told the jury that the government's expert had testified that "these [drugs] were possessed with intent to deliver." Boone argues that the prosecutor's closing constituted plain error and that the statement was sufficiently prejudicial to require a new trial. The government maintains that the prosecutor was merely summarizing Detective Palmer's testimony.

Although we agree that the prosecutor's closing could have been more carefully worded, the record simply does not support a finding that that single statement was so egregious as to affect the outcome of the proceedings. *See United States v. Olano*, 507 U.S. 725, 734-35 (1993).

The statement constituted only a single sentence in a lengthy closing, and trial counsel did not think it sufficiently egregious to warrant an objection at the time. *See United States v. Sacony-Vacuum Oil Co.*, 310 U.S. 150, 238 (1940) ("[c]ounsel for the defense cannot as a rule remain silent, interpose no objections, and after a verdict has been returned seize for the first time on the point that the comments to the jury were improper and prejudicial.").

Moreover, the district court explicitly informed the jury that the closing arguments were not to be considered as evidence. "Our theory of trial relies upon the ability of a jury to follow instructions." *United States v. Newby*, 11 F.3d 1143, 1147 (3d cir. 1993). Accordingly, Boone cannot satisfy his burden of showing that the prosecutor's comments during closing argument amounted to plain error.

### *B.*

Boone also argues that the district court erred in factoring his juvenile offenses into the Guideline calculation. He claims that the record does not establish a sentence of confinement for the juvenile transgressions. However, since Boone did not contest the PSR's conclusions when asked if he had any objection, the sentencing court was entitled to accept the factual conclusions in the PSR as established fact. *See* Fed. R. Crim. P. 32(i)(3)(A). *See also, United States v. Iglesias*, 535 F.3d 150 (3d Cir. 2008); and *United States v. Siegel*, 477 F.3d 87 (3d Cir. 2008). Accordingly, any challenge to the trial court's reliance on the juvenile convictions has been waived.

### II. Conclusion

For the reasons noted above, we will affirm the judgment of conviction and sentence.